Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Paul N. Conover (SBN 192,358)
paul.conover@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Daniel C. Kiang (SBN 307,961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiffs
LEXANI WHEEL CORPORATION
and FRANK HODGES

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LEXANI WHEEL CORPORATION, a California corporation, and FRANK HODGES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BASSANI USA INC., a California corporation,<br><br>Defendant. | Civil Action No. 8:17-CV-00870<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lexani Wheel Corporation ("Lexani") and Frank Hodges ("Hodges") (collectively "Plaintiffs") hereby complain of Bassani USA Inc. ("Bassani" or "Defendant") and allege as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.

2. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by importing, selling and/or offering for sale infringing products in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to importing infringing products directly to consumers and/or retailers in this district and importing into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Plaintiffs' claim.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b).

## II. THE PARTIES

4. Plaintiff Lexani is a corporation organized and existing under the laws of the State of California, having its principal place of business at 2380 Railroad Street, Bldg. 101, Corona, California 92880.

5. Plaintiff Frank Hodges is an individual residing in Orange County, California.

6. Plaintiffs are informed and believe, and thereon allege, that Defendant Bassani USA Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 11323 Shoemaker Ave., Santa Fe Springs, California 90670.

7. Plaintiffs are informed and believe, and thereon allege, that Defendant has committed the acts alleged herein within this judicial district.

## III. GENERAL ALLEGATIONS

8. For over twenty years, Lexani has been actively engaged in the manufacture and sale of high-quality automotive wheels, making it a leader in the custom luxury wheel industry.

9. Lexani's designers work tirelessly to bring breakthrough designs to the market. Lexani is the manufacturer and retailer of several lines of path-breaking wheel designs that have enjoyed substantial success and are protected by various intellectual property rights owned by Lexani.

10. Lexani's CSS-15 wheel is one of Lexani's most innovative designs. The radical design of the CSS-15 wheel caught the market by surprise and quickly made it one of Lexani's best-selling wheels.

11. The design of Lexani's CSS-15 wheel is protected by United States Design Patent No. D726,089 ("the D089 Patent"), which was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on April 7, 2015. Frank Hodges is the owner of all right, title, and interest in the D089 Patent, which is licensed to Lexani Wheel Corporation. A true and correct copy of the D089 Patent is attached hereto as Exhibit A.

12. The design of Lexani's CSS-15 wheel is also protected by U.S. Design Patent No. D688,190 ("the D190 Patent"), which was duly and lawfully issued by the USPTO on August 20, 2013. Frank Hodges is the owner of all right, title, and interest in the D190 Patent, which is licensed to Lexani Wheel Corporation. A true and correct copy of the D190 Patent is attached hereto as Exhibit B.

13. On October 21, 2016, Plaintiffs filed a complaint for patent infringement against Toprich (U.S.A.) Inc. d/b/a STR-Racing ("Toprich"), captioned *Lexani Wheel Corporation et al. v. Toprich (U.S.A.) Inc. d/b/a STR-*

*Racing*, No. 8:16-cv-01929 (the "Toprich Litigation"), in the United States District Court for the Central District of California.

14. In the Toprich Litigation, Lexani has alleged that Toprich's STR-621 wheel is a blatant knock-off of Lexani's innovative CSS-15 design and infringes the D089 Patent and the D190 Patent.

15. Plaintiffs are informed and believe that there is a close relationship between Toprich and Bassani. In the Toprich Litigation, Toprich identified Basani USA Wheels as the importer of the accused STR-621 wheel. Tom Luo is one of Toprich's Marketing Managers and Toprich's designer of the accused STR-621 wheel. The website for the California Secretary of State lists Tom Luo as the registered agent for Defendant Bassani, and lists his address as 11323 Shoemaker Ave., Santa Fe Springs, California 90670, which is also listed as the entity address for Bassani USA, Inc.

16. Plaintiffs are informed and believe that Bassani infringes the D089 Patent and the D190 Patent by, for example, importing the STR-621 wheel into the United States.

## IV. <u>CLAIM FOR RELIEF</u>

(Patent Infringement)

(35 U.S.C. § 271)

17. Plaintiffs repeat and re-allege the allegations of paragraphs 1-16 of this Complaint as if set forth fully herein.

18. This is a claim for patent infringement under 35 U.S.C. § 271.

19. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D089 Patent by making, using, selling, offering for sale, and/or importing a wheel having a design that would appear to an ordinary observer to be substantially similar to the claim of the D089 Patent, including for example, Defendant's STR 621 wheel as shown below.

| **Accused Product - STR 621 Wheel** | **U.S. Design Patent No. D726,089** |
|---|---|
|  |  |

20. Defendant's acts of infringement of the D089 Patent were undertaken without permission or license. Defendant had actual knowledge of Plaintiffs' rights in the design claimed in the D089 Patent. Defendant's STR 621 wheel is a nearly identical copy of Plaintiffs' design. Defendant's actions constitute willful and intentional infringement of the D089 Patent. Defendant infringed the D089 Patent with reckless disregard for Plaintiffs' patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D089 Patent. Defendant's acts of infringement of the D089 Patent were not consistent with the standards of commerce for its industry.

21. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D190 Patent by making, using, selling, offering for sale, and/or importing a wheel having a design that would appear to an ordinary observer to be substantially similar to the claim of the D190 Patent, including for example, Defendant's STR 621 wheel as shown below.

/ / /

/ / /

| Accused Product - STR 621 Wheel | U.S. Design Patent No. D688,190 |
|---|---|
|  |  |

22. Defendant's acts of infringement of the D190 Patent were undertaken without permission or license. Defendant had actual knowledge of Plaintiffs' rights in the design claimed in the D190 Patent. Defendant's STR 621 wheel is a nearly identical copy of Plaintiffs' design. Defendant's actions constitute willful and intentional infringement of the D190 Patent. Defendant infringed the D190 Patent with reckless disregard for Plaintiffs' patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D190 Patent. Defendant's acts of infringement of the D190 Patent were not consistent with the standards of commerce for its industry.

23. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Plaintiffs.

24. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

25. Pursuant to 35 U.S.C. § 285, Plaintiffs are entitled to reasonable attorneys' fees for the necessity of bringing this claim.

/ / /

26. Pursuant to 35 U.S.C. § 289, Plaintiffs are entitled to recover Defendant's total profits from Defendant's infringement.

27. Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

28. Defendant will continue to infringe Plaintiffs' patent rights to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

**WHEREFORE**, Plaintiffs pray for judgment in their favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the D089 Patent and the D190 Patent under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from making, using, selling, offering to sell, and/or importing the STR 621 Wheel and any products that are not colorably different therefrom, and from infringing the D089 Patent or the D190 Patent in violation of 35 U.S.C. § 271;

C. That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the D089 Patent and the D190 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Plaintiffs all damages suffered by Plaintiffs and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

E. An award to Plaintiffs of the attorney fees, expenses, and costs incurred by Plaintiffs in connection with this action pursuant to 35 U.S.C. § 285;

F. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

/ / /

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 17, 2017

By: */s/ Ali S. Razai*

Michael K. Friedland
michael.friedland@knobbe.com
Paul N. Conover
paul.conover@knobbe.com
Ali S. Razai
ali.razai@knobbe.com
Daniel C. Kiang
daniel.kiang@knobbe.com

Attorneys for Plaintiffs
LEXANI WHEEL CORPORATION, and
FRANK HODGES

## DEMAND FOR JURY TRIAL

Plaintiff Lexani, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 17, 2017

By: */s/ Ali S. Razai*

Michael K. Friedland
michael.friedland@knobbe.com
Paul N. Conover
paul.conover@knobbe.com
Ali S. Razai
ali.razai@knobbe.com
Daniel C. Kiang
daniel.kiang@knobbe.com

Attorneys for Plaintiffs
LEXANI WHEEL CORPORATION, and
FRANK HODGES

25936522